IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARLA JEANNE ECKERT § <br> and LONE STAR FAST FUNDING, LLC § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> SPECIALIZED LOAN SERVICING LLC § <br> *Defendant* § | CIVIL ACTION NO. 5:23-cv-01405 |

## NOTICE OF REMOVAL

Defendant, Specialized Loan Servicing, LLC ("SLS" or "Defendant"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the 150th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. The grounds for removal are as follows:

### I.   STATE COURT ACTION

1. Plaintiff commenced this action by filing an Original Petition (the "Complaint") on September 28, 2023, in the 150th District Court of Bexar County, Texas, and the case was docketed as Cause No. 2023CI21111 (the "State Court Action").

2. Copies of the Complaint and summons were never served upon SLS. SLS became aware of the State Court Action on September 9, 2023, when Plaintiff's counsel emailed a copy of the Temporary Restraining Order entered by the 150th District Court to counsel for SLS. SLS is filing its Original Answer in the State Court Action prior to filing this Notice of Removal. True and correct copies of the Complaint and SLS's Answer, Counterclaim, and Third-Party Claim are attached hereto as **Exhibit "3."**

3. In addition to the Complaint, Plaintiff sought a Temporary Restraining Order & Order Setting Hearing for Temporary Injunction ("TRO"). On September 29, 2023, the presiding judge entered a TRO and set a hearing on Plaintiff's Application for Temporary Injunction for October 13, 2023. There were no appearances at that hearing and the state court took no action. A copy of the TRO entered on September 29, 2023, as well as all other orders signed by the state court judge are attached hereto as **Exhibit "4."**

4. Under 28 U.S.C. §1446(b), this Notice of Removal must be filed within thirty days of the service of the Complaint and summons. SLS was not served with citation or a copy of the Complaint, but voluntarily filed is answer on November 7, 2023. SLS's answer constitutes a voluntary waiver of service under Texas Rule of Civil Procedure 119 and 120. The thirty-day removal deadline began to run on the date of SLS's answer. SLS timely files this Notice of Removal on November 7, 2023. *See George-Bauchand v. Wells Fargo Home Mortg., Inc.* 2010 WL 5173004, at *4 (S.D.Tex. Dec. 14, 2010) (finding that in the absence of service of citation, the deadline to remove case began to run upon defendant voluntarily filing an answer).

5. No party requested a jury trial in the State Court Action.

## II.   PROCEDURAL REQUIREMENTS

6. SLS attaches the following to this Notice of Removal:

  a. A Civil Cover Sheet and Supplemental Civil Cover Sheet (**Exhibit 1**);

  b. All executed process in this case **(Exhibit 2)**;

  c. Pleadings asserting causes of action, e.g. petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (**Exhibit 3**);

  d. All orders signed by the state judge (**Exhibit 4**);

  e. The docket sheet (**Exhibit 5**);

  f. An index of matters being filed (**Exhibit 6**);

  g. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit 7**);

  h. Records of property value, Bexar County Appraisal District (**Exhibit 8**); and

  i. Disclosure Statement and Certificate of Interested Parties (**Exhibit 9**).

These documents are arranged in chronological order according to the state court file date.

7. Concurrent with the filing of this Notice, SLS is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the 150th District Court of Bexar County, Texas.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Western District of Texas, San Antonio Division is the federal judicial district embracing the 150th Judicial District Court of Bexar County, Texas, where this action was originally filed.

9. SLS is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "9."**

10. SLS reserves the right to assert any defenses and/or objections to which it may be entitled.

### III. BASIS FOR REMOVAL JURISDICTION

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists in "all civil action 'between… citizens of different states' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 54 U.S. 81, 89 (2005).

**A. The Parties are Diverse.**

12. For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning to whenever he is absent there from. *See Preston v. Tenet*

*Healthsytem Mem'l Med. Ctr*., 485 F.3d 793, 797-798 (5th Cir. 2007).  Marla Eckert is domiciled in Texas.  *See* Complaint, p. 1, ₱ 2.2 (Exhibit 3).  Therefore, Plaintiff is a citizen of Texas for diversity purposes.

13.	Lonestar Fast Funding, LLC is a Texas limited liability company.  Thus, its citizenship for diversity purposes is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).  Lonestar's Certificate of Formation indicates that it is governed by managers William E. Dimick, III, and Logan B. Fullmer, both of San Antonio, Bexar County, Texas.  On information and belief, Dimick and Fullmer are the only members of Lonestar.  Lonestar is therefore a citizen of Texas.

14.	Defendant, SLS is a Delaware limited liability company.  Thus, its citizenship for diversity purposes is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).  SLS is a wholly-owned subsidiary of its sole member Specialized Loan Servicing Holdings, LLC.  Because Specialized Loan Servicing Holdings, LLC is also an LLC, Specialized Loan Servicing Holdings, LLC is a citizen of every state in which its members are citizens.  *Id.*  Specialized Loan Servicing Holdings, LLC is a wholly-owned subsidiary of its sole member, Computershare US Services, Inc.  As a corporation, Computershare US Services, Inc. is a citizen of the state where it is incorporated and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Computershare US Services, Inc. is a citizen of Delaware and Illinois because it is incorporated in Delaware and maintains its principal place of business in Illinois.  Therefore, Specialized Loan Servicing Holdings, LLC and SLS are also citizens of Delaware and Illinois.

15. Marla Jeanne Eckert and Lonestar Fast Funding, LLC, are citizens of Texas and SLS is a citizen of Delaware and Illinois. Complete diversity of citizenship exists between the parties and removal is proper.

**B.     The Amount in Controversy Exceeds 75,000.00**

16. Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. "The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional minimum." *St. Paul Reinsurance Co. Ltd. V. Greenburg*, 134 F.3d 12250, 1253 n.13 (5th Cir. 1998). A defendant can meet this burden if other evidence shows the amount in controversy is more likely than not to exceed $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.2d 720, 723 (5th Cir. 2002).

17. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); Also see *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977) and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). The fair market value of property is an appropriate measure of the value of the injunctive relief sought to stop foreclosure of property. *See Berry v. Chase Home Finance*, LLC, No. C-09-116, 2009 WL 2868224 at *2 (S.D. Tex. August 27, 2009); *Also see Martinez v. BAC Home Loans Servicing, LP*, No. SA-09-CA-951-FB, 2010 WL 6511713 (W.D. Texas Sept 24, 2010); And *see Nationstar Mortgage, LLC v. Knox*, 351 Fed.Appx. 844, 2009 WL 2605356 ("'[W]hen…a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d. 545, 547-48 (5th Cir. 1961))

18. In this case, Plaintiff seeks permanent injunctive relief to restrain and enjoin Defendant from conducting a foreclosure sale of Plaintiff's property. Clearly the object of Plaintiff's litigation is his property. Plaintiff's property, 5311 Auburn Knoll, San Antonio, Texas 78249, is currently appraised at $419,080.00 according to the Bexar County Appraisal District. *See* Exhibit 8.

19. The facts contained in the Bexar County Appraisal District reports are generally known within the territorial jurisdiction of this Court and are capable of being accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Moreover, these facts are adjudicative in that they evidence value. As such, these facts are subject to judicial notice under FED. RULE OF EVID. 201. Also See *Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); (It is appropriate for the court to take judicial notice of the Bexar County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Harris County Tax Appraisal District – cannot be reasonably questioned.). *S.E.C. v. Reynolds*, 2008 WL 4561560, at *3 (N.D. Tex. October 9, 2008) (indicating that the Court had taken judicial notice of publicly available information by reviewing appraised values as reported by the Collin County Appraisal District); *In re Adebo*, 2007 WL 3235122, at *1 (Bkrtcy. S.D. Tex. November 1, 2007) (the Court taking judicial notice of the Harris County Appraisal District valuation). SLS asks the Court to take judicial notice of **Exhibit 8** and the information reported by the Bexar County Appraisal District in **Exhibit 8** attached hereto.

## V.     CONCLUSION

22. The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the controversy exceeds the value of $75,000.00. SLS respectfully asks this Court to accept this Notice of Removal, , that further proceedings in the

State Court Action be discontinued and that this suit be removed to the United States District Court for the Western District of Texas, San Antonio Division.

    Dated: November 7, 2023.

    Respectfully submitted,

**HUGHES WATTERS ASKANASE, LLP**

By: /s/ *Damian W. Abreo*
    Damian W. Abreo
    Texas Bar No. 24006728
    Total Plaza
    1201 Louisiana Street, 28th Floor
    Houston, Texas 77002
    (713) 759-0818 (Telephone)
    (713) 759-6834 (Facsimile)
    dabreo@hwa.com (E-mail)

**ATTORNEYS FOR DEENDANT,**
**SPECIALIZED LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 7th day of November, 2023, addressed as follows:

*Via Email: geoff.mayfield@gmail.com*
Geoffery Mayfield
Attorney at Law, P.C.
14603 Huebner Road
Building 32
San Antonio, Texas 78229
Tel: (210) 535-0870
Fax: (210) 525-8699

**ATTORNEY FOR PLAINTIFFS**

    /s/ *Damian W. Abreo*
    Damian W. Abreo