IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARLA JEANNE ECKERT, LONE STAR FAST FUNDING, LLC, <br> *Plaintiffs* <br><br> -vs- <br><br> SPECIALIZED LOAN SERVICING, LLC, <br> *Defendant* | § § § § § § § § § § | SA-23-CV-01405-XR |

## DISMISSAL ORDER

On this date, the Court considered the status of this case.

On September 28, 2023, Plaintiffs Marla Jeanne Eckert and Lone Star Fast Funding, LLC filed this action in the 150th District Court of Bexar County, Texas, asserting claims of common law fraud, breach of contract, and wrongful foreclosure. ECF No. 1-4 at 4–6. Defendant waived service on November 7, 2023 and removed this matter to federal court on the same day. ECF No. 1 at 2.

On November 9, 2023, the Court issued an Order and Advisory ("the Order") requiring the parties to submit (1) a proposed scheduling order and (2) a Rule 26(f) Report by December 7, 2023. ECF No. 4. After the parties failed to submit either document by the required deadline, the Court issued a Show Cause Order on January 2, 2024, requiring that the parties comply with the Order and submit the proposed scheduling order and Rule 26(f) Report by no later than January 9, 2024. ECF No. 5.

Again, the parties failed to submit the required documents, prompting the Court to issue a second Show Cause Order on February 1, 2024. ECF No. 6. In this Show Cause Order, the Court mandated that the parties submit a proposed scheduling order and Rule 26(f) Report in compliance

1

with the Court's previous orders dated December 7, 2023 and January 2, 2024, no later than February 8, 2024. *Id.* The Court warned the parties that "[f]ailure to respond by that date will result in this case being dismissed." *Id.* The time in which to comply with the Court's orders has now expired.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority in this regard stems from its inherent authority to manage and administer its own docket and to ensure the orderly and expeditious disposition of cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).

The Court concludes that Plaintiff has failed to prosecute his case and comply with the Court's orders. Despite three separate orders requiring the parties to submit a Rule 26(f) report and scheduling order, the parties have neither complied with the Court's requests nor communicated with the Court in any fashion. *See* ECF Nos. 4, 5, 6.[1] The Court warned the parties in its February 1, 2024 order that failure to comply with that order could result in the dismissal of his case. Thus, the Court concludes that the instant suit should be dismissed under Rule 41(b) for failure to comply with Court orders and to diligently prosecute. *See Russell v. Car Spa*, No. 4:18-CV-521-ALM-CAN, 2019 WL 1232856, at *2 (E.D. Tex. Feb. 6, 2019) (recommending dismissal under Rule 41(b) because, *inter alia*, plaintiff "failed to file his Rule 26(f) report…despite the Court's explicit warnings that failure to do so could result in a recommendation of dismissal").

---

[1] The Court also notes that Defendant failed to comply with the Court's Standing Order Concerning Removed Cases issued on November 9, 2023, requiring it to submit an advisory to the Court with certain information regarding the status of the case by November 16, 2023. *See* ECF No. 3.

2

Accordingly, the Court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with an order of the Court. A final judgment pursuant to Rule 58 will issue follow.

It is **SO ORDERED**.

**SIGNED** this 5th day of March, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE